# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**BRENDAN A. HURSON**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

November 3, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:     *Krystal M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
        Civil No. 21-2929-BAH

Dear Counsel:

On November 15, 2021, Plaintiff Krystal M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 11, the parties' cross-motions for summary judgment, ECFs 14 and 16, and Plaintiff's reply, ECF 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions for summary judgment, GRANT Plaintiff's alternative motion for remand, and REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.      PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on January 31, 2017, and a Title XVI application for Supplemental Security Income ("SSI") benefits on April 7, 2017, alleging a disability onset of September 25, 2016. Tr. 213–228. Plaintiff's claims were denied initially and on reconsideration. Tr. 127–32, 135–48. On January 31, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 34–68. Following the hearing, on March 20, 2019, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 11–33. After exhausting administrative remedies, Plaintiff sought judicial review in this Court and, on December 7, 2020, this Court remanded the case back to the SSA pursuant to sentence four of 42 U.S.C. § 405(g). Tr. 1564–74 (*Krystal M. v. Saul*, No. TMD 19-2319 (D. Md. Dec. 7, 2020)). The Appeals Council ("AC") vacated and remanded the ALJ's prior decision and instructed the ALJ to consolidate the case with new claims Plaintiff had filed on September 11, 2019. Tr. 1577–80. The ALJ then held a new hearing on June 16, 2021. Tr. 1407–40. Thereafter, the ALJ issued a new decision on July 28, 2021, again finding Plaintiff not disabled. Tr. 1379–1406. The ALJ's decision constitutes the

---

[1] 42 U.S.C. §§ 301 et seq.

*Krystal M. v. Kijakazi*
Civil No. 21-2929-BAH
November 3, 2022
Page 2

final, reviewable decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. §§ 404.984(d), 416.1484(d), 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 25, 2016, the alleged onset date."  Tr. 1385.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "diabetes, peripheral neuropathy, chronic regional pain syndrome, chronic osteomyelitis, hypertension, obesity, major depressive disorder, and anxiety disorder."  Tr. 1385.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of "uterine fibroids and dysfunctional uterine bleeding, minimal right first MTP degenerative changes, and small bulging annulus at the lumbar spine."  Tr. 1385.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 1385.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with a sit/stand option every 30 minutes, if needed, while remaining on task; occasional stooping, kneeling, crouching, crawling, and climbing; occasional exposure to vibration and hazardous conditions, including unprotected heights and moving machinery; able to perform simple routine tasks in "low stress" work, defined as occasional independent decision making and occasional workplace changes; and occasional interaction with the general public

Tr. 1389.  The ALJ determined that Plaintiff was not able to perform past relevant work as a "staff nurse/general duty (DOT[2] 075.364-010, SVP 7, medium but performed at heavy), home attendant

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles.  The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational*

(DOT 354.377-014, SVP 3, medium but performed at heavy), customer service representative (DOT 239.362-014, SVP 5, sedentary), and cashier/checker (DOT 211.462-014, SVP 3, light but heavy as performed)" but could perform other jobs that existed in significant numbers in the national economy. Tr. 1395. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 1396.

## III.   <u>LEGAL STANDARD</u>

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.   <u>ANALYSIS</u>

Plaintiff raises three arguments on appeal, specifically that (1) the ALJ failed to comply with the Court's remand order; (2) the RFC is not supported by substantial evidence because "the ALJ failed to evaluate Plaintiff's RFC for the period prior to her medical improvement"; and (3) the RFC is not supported by substantial evidence because the ALJ failed to properly follow SSR 03-2p as it relates to chronic regional pain syndrome ("CRPS"). ECF 14-2, at 10–28. Defendant counters that "[t]he ALJ complied with the court's remand order," "[t]he ALJ's RFC determination is supported by substantial evidence," and "[t]he ALJ properly evaluated Plaintiff's CRPS under Social Security Ruling 03-2p." ECF 16-1, at 5–14.

---

*Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

Krystal M. v. Kijakazi
Civil No. 21-2929-BAH
November 3, 2022
Page 4

Plaintiff first argues that the ALJ failed to abide by this Court's December 2020 remand order.  ECF 14-2, at 10–12.  Generally, "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."  *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989); *see also Myers v. Colvin*, No. 4:14CV32, 2015 WL 3830972, at *16 (E.D. Va. June 18, 2015) ("The ALJ is not free to disregard the district court's order, which may 'include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed.'" (quoting *Sullivan*, 490 U.S. at 885)).  In the Fourth Circuit, the law-of-the-case doctrine and the mandate rule "prevent an ALJ from reconsidering an issue [on which] a district court 'expressly held.'"[3]  *Myers*, 2015 WL 3830972, at *16 (quoting *Hooper v. Heckler*, 752 F.2d 83, 87–88 (4th Cir. 1985)).  Such legal error "is particularly egregious in a case . . . where all of the relevant medical evidence is many years old, so no changes to the medical evidence could explain" new findings of the ALJ.  *Leona A. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2279, 2019 WL 3220699, at *2 (D. Md. July 17, 2019).  "The ALJ 'may however, decide anything not foreclosed by the mandate.'"  *Rani E. v. Saul*, No. No. TMD 18-2171, 2019 WL 4536457, at *5 (D. Md. Sept. 19, 2019) (internal quotation marks omitted) (quoting *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016)).  The Fourth Circuit has also held that when an ALJ's new findings in a post-remand decision are "based, in part, on new evidence," the ALJ does "not run afoul of the mandate set forth by the district court."  *Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 (4th Cir. 2015).  "Thus, as long as an issue was not finally decided in the District Courts, the ALJ can exceed the scope of a remand order and reconsider any evidence deemed appropriate in reaching a decision regarding a claim."  *Beatty v. Comm'r of Soc. Sec.*, No. 14-11550, 2015 WL 5693663, at *3 (E.D. Mich. Sept. 29, 2015).

Here, this Court remanded the case because the ALJ's failure to define the term "fixed production rate pace" frustrated meaningful review.  Tr. 1572–73 (*Krystal M.*, No. TMD 19-2319, at *8–9).  Defendant acknowledges that "this Court, by way of quoting Fourth Circuit case law, found remand was warranted to allow the ALJ an opportunity 'to clarify Plaintiff's RFC and hypothetical to the VE' as well as 'establish for how long and under what conditions Plaintiff is able to focus her attention on work activities and stay on task at a sustained rate.'"  ECF 16-1, at 6 (citing Tr. 1573–74 (*Krystal M.*, No. TMD 19-2319, at *9–10)).  On remand, the AC vacated the ALJ's prior decision pursuant to HALLEX I-2-8-18[4] and instructed the ALJ to consolidate the

---

[3] These rules likely also foreclose "an ALJ's reexamination of an issue 'necessarily implicated' in a district court's decision."  *Myers*, 2015 WL 3830972, at *16.  The "'mandate rule' is merely a 'specific application of the law of the case doctrine,' [so] in the absence of exceptional circumstances, it compels compliance on remand with the dictates of a superior court and forecloses issues expressly *or impliedly* decided by the appellate court."  *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (emphasis added) (quoting *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993)); *see also Magnum v. Hallembaek*, 910 F.3d 770, 776 n.3 (4th Cir. 2018) (collecting cases "of [the Fourth Circuit's] sister circuits [which] have likewise concluded that the mandate rule applies to administrative agencies").

[4] "The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative

*Krystal M. v. Kijakazi*
Civil No. 21-2929-BAH
November 3, 2022
Page 5

case with Plaintiff's new Title II and Title XVI claims she had filed on September 11, 2019. Tr. 1577. Subsequently, the ALJ issued a de novo decision. Tr. 1382–97.

Plaintiff contends that this "fail[ure] to remain within the scope of the remand order" is reversible legal error. ECF 14-2, at 12. Plaintiff is correct that ALJs are generally limited by the scope of a remand order when the remanding court gives specific instructions and the record before the ALJ is the same as before, but the ALJ here was specifically directed by the AC to consolidate the remanded claims with a new claim, and the ALJ therefore considered hundreds of pages of new evidence as well as additional testimony from the Plaintiff and vocational expert. At the same time, however, in the ALJ's de novo opinion, the ALJ found that Plaintiff now had only a mild limitation in concentrating, persisting, and maintaining pace—based only on one exhibit—despite having previously found that Plaintiff had a moderate limitation in that area—based on four exhibits, including the one previously cited. *Compare* Tr. 1448 (citing Ex. 5E, 5F, 4F, 19F), *with* Tr. 1387 (citing Ex. 5F). Generally, when a remanded case is consolidated with a new claim and the ALJ considers new evidence, the ALJ is not bound by the prior vacated decision. *Tanner*, 602 F. App'x at 98. Here, however, in finding that Plaintiff only has a mild limitation in concentrating, persisting, and maintaining pace, the ALJ cited only to one source that had been in the record at the time of the previous decision. Tr. 1387. In the previous decision, the ALJ had cited to that same source as well as three others as support for the conclusion that the Plaintiff had a moderate limitation in this area. Tr. 1448. The ALJ did not cite to any new evidence in making this conclusion, nor did they explain how the evidence in the record that had previously led the ALJ to conclude that Plaintiff had a moderate limitation in this area now did not. Tr. 1387. Thus, this is not a case where the ALJ's new findings were "based, in part, on new evidence." *Tanner*, 602 F. App'x at 98. I am therefore unable to conclude that the opinion is supported by substantial evidence.

Because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's failure to evaluate Plaintiff's RFC as it relates to the time before Plaintiff underwent ECT treatment or the ALJ's failure to abide by SSR 03-2p. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion.

## V.   **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 14, is DENIED, Plaintiff's alternative motion for remand, ECF 14, is GRANTED, and Defendant's motion for summary judgment, ECF 16, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

---

law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues. HALLEX I–2–8–18, Administrative Law Judge Decisions in Court Remand Cases." *Tanner*, 602 F. App'x at 98 n.*.

*Krystal M. v. Kijakazi*
Civil No. 21-2929-BAH
November 3, 2022
Page 6

      Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.


                Sincerely,


                  /s/


                Brendan A. Hurson
                United States Magistrate Judge